Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE and RUSS BURNS, in their respective capacities as Trustees of the OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FOSTER & SONS GENERAL ENGINEERING CONTRACTORS, INC., a California corporation,<br><br>    Defendant. | Case No.: C10-0457 MMC<br><br>**AMENDED JUDGMENT**<br>**(PURSUANT TO STIPULATION)** |

IT IS HEREBY STIPULATED by and between the parties, Plaintiffs OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and Defendant FOSTER & SONS GENRAL ENGINEERING CONTRACTORS, INC., a California corporation, and its successor entities ("Defendant"), that the Judgment entered on August 30, 2010 be amended as follows:

1.   On August 30, 2010, Judgment was entered in favor of Plaintiffs and against Defendant in the amount of **$536,912.92**. A true and accurate copy of the Judgment is attached hereto as ***EXHIBIT A.*** Defendant has further become indebted to the Trust Funds as follows:

/ / /

/ / /

| | | | | |
|---|---|---|---|---|
| Judgment | | | | $536,912.92 |
| June 2010 | Contribution Balance | | $23,609.48 | |
| | Liquidated Damages | | $2,228.77 | |
| | Interest | | $274.02 | |
| | | | | $26,112.27 |
| July 2010 | Contributions | | $40,942.11 | |
| | Liquidated Damages | | $3,380.90 | |
| | Interest | | $138.55 | |
| | | | | $44,461.56 |
| August 2010 | Contributions | | $2,469.39 | |
| | Liquidated Damages | | N/A | |
| | Interest | | N/A | |
| | | | | $2,469.39 |
| | | | **SUB-TOTAL:** | **$609,956.14** |
| **Attorneys' Fees (7/7/10 – 9/19/10)** | | | | **$10,309.50** |
| **Costs (5/25/10 – 9/7/10)** | | | | **$245.00** |
| *9/1/10 Payment* | | | | *($15,567.40)* |
| | | | **TOTAL:** | **$604,943.24** |

2.  Defendant shall *conditionally* pay the amount of **$485,672.18,** representing the total amount due less conditionally waived liquidated damages in the sum of $119,271.06. *This waiver is expressly conditioned on Trustee approval upon timely compliance with all of the terms of this Stipulation,* as follows:

(i)  Beginning on October 15, 2010, and on or before the 15th day of each month thereafter, for a period of six (6) months, through March 15, 2011, Defendant shall pay to Plaintiffs the amount of **$5,000.00** per month;

(ii)  Beginning on April 15, 2011, and on or before the 15th day of each month thereafter, for a period of six (6) months, through September 15, 2011, Defendant shall pay to Plaintiffs the amount of **$7,500.00** per month;

(iii)  Beginning on October 15, 2011, and on or before the 15th day of each month thereafter, for a period of twelve (12) months, through September 15, 2012, Defendant shall pay to Plaintiffs the amount of **$10,000.00** per month;

(iv)  Beginning on October 15, 2012, and on or before the 15th day of each month thereafter, for a period of twenty-four (24) months, through September 15, 2014, Defendant shall pay to Plaintiffs the amount of **$15,000.00** per month;

        (v) Payments may be made by joint check, to be endorsed prior to submission. Defendant shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

        (vi) Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest from September 20, 2010, at the rate of 10% per annum in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust Agreements;

        (vii) Prior to Defendant's final payment, Plaintiff shall notify Defendant in writing as to the status of the waiver conditioned on timely payments pursuant to ¶ 2 above, timely payment of contributions pursuant to ¶ 4 below, as well as additional attorneys' fees and costs incurred as provided in ¶ 9. The waiver request shall not be considered unless and until all payments have been made pursuant to this Stipulation and Defendant's account is current. Plaintiffs shall further notify Defendant in writing as to the final amount due. Any additional amounts due pursuant to the provisions hereunder shall be paid in full with the final stipulated payment on September 15, 2014; and

        (v) Checks shall be made payable to the *Operating Engineers Trust Funds*, and delivered on or before each due date to <u>Michele R. Stafford at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other address as may be specified by Plaintiffs.

    3. In the event that any check is not timely submitted or fails to clear the bank, or is unable to be negotiated for any reason for which Defendant is responsible, Defendant shall be considered to be in default of the Amended Judgment entered. If this occurs, Plaintiffs shall make a written demand to Defendant to cure said default within seven (7) days of the date of the notice from Plaintiffs. If caused by a failed check, default will only be cured by the issuance of a replacement ***cashier's check***, delivered to Saltzman and Johnson Law Corporation within the seven (7) day cure period. If Defendant elects to cure said default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's check.* In the event default

is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

4.     Beginning with contributions due for hours worked by Defendant's employees during the month of September 2010, due on October 15, 2010 and delinquent if not **received** by the Trust Funds before October 25, 2010, and for every month thereafter until this Amended Judgment is satisfied, Defendant **shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended.  **Defendant shall fax a copy of its contribution report for each month, together with a copy of that payment check, to Michele R. Stafford at 415-882-9287, prior to sending the payment** t**o the Trust Fund office, along with its stipulated payment, on or before the 30th day of each month.**  To the extent that Defendant is working on a Public Works job, or any other job for which **Certified Payroll Reports** are required, copies of said Reports must be faxed to Michele R. Stafford, concurrently with their submission to the general contractor, owner or other reporting agency.

Failure to comply with these terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶ 9 shall apply.

5.     Failure to comply with any of the above terms shall constitute a default of the obligations under this Agreement and the provisions of ¶ 9 shall apply.  Any such unpaid or late paid contributions, together with 20% liquidated damages and 10% per annum interest accrued on the contributions, pursuant to the Trust Agreements, shall be added to and become a part of this Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto.  Defendant specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

6.     Defendant shall make full disclosure of all jobs on which it is working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and

1 address of the job, the start and completion dates, the identity of General 2 Contractor/Owner/Developer, and by providing certified payroll if it is a public works job.  To the 3 extent that Defendant is working on a Public Works job, or any other job for which Certified 4 Payroll Reports are required, copies of said Reports will be faxed to Michele R. Stafford 5 concurrently with their submission to the General Contractor, Owner or other reporting agency.

6 These requirements are concurrent with, and in addition to the requirements set forth above 7 with regard to progress payments.  Defendant shall fax said updated list each month (or sooner if 8 required elsewhere herein) together with the contribution report (as required by ¶¶ 4 and 6 of this 9 Stipulation) to Michele R. Stafford at 415-882-9287.  Attached hereto as **EXHIBIT B** is a Job 10 Report form, which is to be completed each month.

11 7. James Burrage Foster ("Cricket Foster") acknowledges that he is the 12 CEO/President of Defendant Foster and Sons General Engineering Contractors, Inc. (hereinafter 13 "Guarantor"), and that he is personally guaranteeing all amounts to be paid in connection with the 14 Stipulation, and acknowledges that all successors in interest to Foster & Sons General Engineering 15 Contractors, Inc., as well as any assigns, and/or affiliated entities and purchasers, shall be 16 contractually bound by the terms of this Stipulation.  This shall include any additional entities in 17 which Cricket Foster is an officer, owner or possesses any ownership interest.  All such entities 18 shall specifically consent to the terms herein and to the Court's jurisdiction, in writing at the time 19 of any assignment, affiliation or purchase.

20 8. Prior to the last payment pursuant to this Amended Judgment Pursuant to 21 Stipulation, Plaintiffs shall advise Defendant, in writing, as to the final lump sum amount due, 22 including interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection 23 with collection and allocation of the amounts owed to Plaintiffs under this Stipulation regardless 24 of whether or not Defendant defaults herein.  Any additional amounts due pursuant to the 25 provisions hereunder shall also be paid in full with the August 30, 2014 stipulated payment.

26 9. In the event that Defendant/Guarantor fails to make any payment required under ¶ 2 27 above, or fails to remain current in any contributions under ¶ 4 above or fails to timely provide the 28 monthly documents required by ¶¶ 4 and 6 herein, then:

       (a)     The entire amount of **$604,943.24**, plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20% liquidated damages and 10% per annum interest on those unpaid contributions until paid, shall be immediately due, together with any additional attorneys' fees and costs incurred during the term of this Stipulation;

       (b)     A Writ of Execution may be obtained against Defendant/Guarantor without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant/Guarantor and the balance due and owing as of the date of default;

       (c)     Defendant/Guarantor waives any notice of any Request for a Writ of Execution upon default, and expressly waives all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendant/Guarantor; and

       (d)     Defendant/Guarantor shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendant/Guarantor to Plaintiffs under this Stipulation, whether or not a default occurs herein.

10. Any failure on the part of the Plaintiffs to take any action against Defendant/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantor of any provisions herein.

11. In the event of the filing of a bankruptcy petition by the Defendant/Guarantor, the parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise. Defendant/Guarantor nevertheless represent that no bankruptcy filing is anticipated.

12. Should any provision of this Stipulation be declared or determined by any court of

-7-

1  competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and
2  enforceability of the remaining parts, terms or provisions shall not be affected thereby and said
3  illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this
4  Stipulation.

5      13.    This Stipulation is limited to the agreement between the parties with respect to the
6  delinquent contributions and related sums enumerated herein, owed by Defendant/Guarantor to the
7  Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any.
8  Defendant/Guarantor acknowledges that Plaintiffs expressly reserve their right to pursue
9  withdrawal liability claims, if any, against Defendant/Guarantor as provided by the Plaintiffs' Plan
10 Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the
11 law.

12     14.    This Stipulation contains all of the terms agreed by the parties and no other
13 agreements have been made.  Any changes to this Stipulation shall be effective only if made in
14 writing and signed by all parties hereto.

15     15.    This Stipulation may be executed in any number of counterparts and by facsimile,
16 each of which shall be deemed an original and all of which shall constitute the same instrument.

17     16.    Defendant/Guarantor represents and warrants that they have had the opportunity to
18 be or has been represented by counsel of its own choosing in connection with entering this
19 Stipulation under the terms and conditions set forth herein, that it has read this Agreement with
20 care and is fully aware of and represent that it enters into this Stipulation voluntarily and without
21 duress.

22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

17. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: September 21, 2010        **FOSTER AND SONS GENERAL ENGINEERING CONTRACTORS, INC.**

By: _____/s/_____
James Burrage Foster *aka* "Cricket Foster", CEO/President

Dated: September 21, 2010        **JAMES BURRAGE FOSTER *aka* "Cricket Foster"**

_____/s/_____
Individually, as Personal Guarantor

Dated: September 21, 2010        **OPERATING ENGINEERS TRUST FUNDS**

_____/s/_____
David Hayner
Collections Manager

Dated: September 21, 2010        **SALTZMAN AND JOHNSON LAW CORPORATION**

By: _____/s/_____
Michele R. Stafford
Attorneys for Plaintiffs
Operating Engineers Trust Funds

IT IS SO ORDERED

Dated: __September 27__, 2010        _____
UNITED STATES DISTRICT COURT JUDGE

-8-
**AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C10-0457 MMC**

# *EXHIBIT A*

AMENDED JUDGMENT (PURSUANT TO STIPULATION)
<u>Operating Engineers' Health and Welfare Trust Fund v. Foster & Sons</u>
<u>General Engineering Contractors, Inc.</u>
*USDC, Case No.: C10-0457 MMC*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GIL CROSTHWAITE, et al.,

    Plaintiffs,

v.

FOSTER & SONS GENERAL ENGINEERING CONTRACTORS, INC.,

    Defendant.

No. CV-10-0457 MMC

**JUDGMENT IN A CIVIL CASE**

( ) **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

(X) **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS SO ORDERED AND ADJUDGED**

1. Plaintiffs are entitled to delinquent contributions, liquidated damages, and pre-judgment interest in the amount of $530,557.84.

2. Plaintiffs are entitled to reasonable attorney's fees in the amount of $5,775.50.

3. Plaintiffs are entitled to costs in the amount of $579.58.

Accordingly, plaintiffs' motion for default judgment is hereby GRANTED and plaintiffs shall have judgment against Foster & Sons in the amount of $530,557.84 together with attorney's fees and costs in the amounts of $5,775.50 and $579.58, respectively, for a total of $536,912.92.

Dated: August 30, 2010

Richard W. Wieking, Clerk

*Tracy Lucero*

By: Tracy Lucero
Deputy Clerk

# *EXHIBIT B*

AMENDED JUDGMENT (PURSUANT TO STIPULATION)
<u>Operating Engineers' Health and Welfare Trust Fund v. Foster & Sons
General Engineering Contractors, Inc.</u>
*USDC, Case No.: C10-0457 MMC*

***EXHIBIT B***

## AMENDED JUDGMENT (PURSUANT TO STIPULATION)

### JOB REPORT FORM

\*\*\* Updated report must be faxed to Michele R. Stafford, Esq., at (415) 882-9287 on the **30**[th] day of each month \*\*\*

Employer Name: **FOSTER & SONS GENERAL ENGINEERING CONTRACTORS, INC.**

Report for the month of _____     Submitted by (print name): _____

| Project Name: | |
|---|---|
| Project Address: | |
| General Contractor: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

| Project Name: | |
|---|---|
| Project Address: | |
| General Contractor: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

| Project Name: | |
|---|---|
| Project Address: | |
| General Contractor: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

| Project Name: | |
|---|---|
| Project Address: | |
| General Contractor: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

| Project Name: | |
|---|---|
| Project Address: | |
| General Contractor: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

*\*\*\* Attach additional sheets as necessary \*\*\**